33 C.C.P.A.(Patents)

## Application of HONGER.
### Patent Appeal No. 5188.

Court of Customs and Patent Appeals.

June 11, 1946.

Irvin S. Thompson, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1 to 8, inclusive, and 10) in appellant's application for a patent for an alleged invention relating to safety devices for explosive projectiles to prevent premature ignition.

Claims 3 and 7 were rejected as being drawn to a non-elected species, no generic claim having been allowed. Accordingly, those claims are not before us for consideration on their merits.

Claim 1, which is a generic claim, is sufficiently illustrative of the appealed claims. It reads:

"1. The combination, with a projectile fuse having a movable detonator member, of a movable locking member adapted to prevent actuation of said detonator member, a reversible horological escapement controlling the movement of said locking member, and a spring loaded bolt which normally prevents movement of said locking member from the locking position and is retracted against the action of its spring by the effect of inertia when the fuse is in flight, said locking member and said bolt having coacting cam surfaces with a mechanical advantage in favor of the bolt whereby said locking member is restored to the locking position by said bolt when said bolt, after partial retraction, is restored to normal position by its spring."

The references are:

Varaud, 1,726,325, August 27, 1929;

Birkigt, 2,116,820, May 10, 1938.

The apparatus here involved is a safety device for explosive projectiles and comprises means for preventing the striking pin from accidentally engaging the explosive charge before the projectile is fired. In the preferred form of the invention, the striker pin is mounted for movement axially of the projectile and is provided with a collar which is normally engaged by a radially movable locking member for restraining the pin against movement toward the charge. The spinning of the projectile, after firing, causes the locking member to move outwardly, due to centrifugal force, and release the pin which strikes the "detonating pellet" and causes the shell to explode. The locking member is connected with a reversible escapement mechanism which retards its movement so that the pin will be released at a predetermined time after firing.

Accidental movement of the locking member is prevented in appellant's structure by a bolt which is urged by a spring into a position in which it engages the locking member and blocks the movement thereof. When the projectile is fired, the inertia of the bolt causes a relative move-

ment between the bolt and the locking member, resulting in the complete removal of the bolt from the path of the locking member. A latching means then prevents the return of the bolt to its original position. The engaging faces of the bolt and locking member are cammed at such an angle that if the bolt is accidentally displaced, as by a blow in handling the projectile, the return of the bolt, by its spring, to its normal position will also return the locking member to normal position if it has been displaced. Since the bolt and locking member are thus returned after each displacement, the striking pin cannot be released by the cumulative effect of a series of shocks.

Each of the claims presented here for consideration on the merits (Nos. 1, 2, 4, 5, 6, 8, and 10) is limited to the use of a reversible escapement and to an arrangement in which the bolt is operative to restore the locking member to locking position, and each was rejected by the tribunals of the Patent Office on the disclosure in the patent to Varaud in view of the disclosure in the patent to Birkigt.

Although Varaud's device is similar to that of appellant so far as the general arrangement of the striker pin, escapement locking member, and bolt is concerned, the patentee's escapement mechanism is not disclosed as being reversible and his device operates in such a manner that there is no reason for providing a reversible escapement mechanism. Furthermore, the patentee's bolt is positively held in a position in which it engages the locking member by a pin which must be manually removed before firing to permit the release of the bolt. The patentee obviously does not contemplate the possibility of accidental displacement, and does not provide means for returning the locking means to normal position by action of the bolt in the event of such displacement.

The patent to Birkigt also discloses a projectile in which the striker pin is held against movement by a locking member which is adapted to move, under the action of centrifugal force, when the projectile is fired. The locking member is normally restrained by a bolt which, as illustrated in the patentee's application, has a conical

point which fits into a depression, "of corresponding shape," in the locking member. The bolt is urged into engagement with the locking member by a spring.

It was the position of the Primary Examiner and the Board of Appeals that no invention would be involved in replacing the bolt of the device disclosed by the patentee Varaud by a pointed, spring-urged bolt, such as is disclosed in the patent to Birkigt. However, the combination proposed by the tribunals of the Patent Office would not produce the structure called for by claims 1, 2, 4, 5, 6, 8, and 10.

There is no suggestion in either the patent to Varaud or the Birkigt patent of the reversible escapement which forms an element of each of the appealed claims. Furthermore, there is no reason why either of those patentees should employ such an escapement, since neither of them contemplates a reverse movement of the locking member. The reversible escapement feature would not, of course, be supplied by using Birkigt's bolt in Varaud's device.

Moreover, there is no suggestion in the Birkigt patent that the bolt is intended to return the locking member to its normal position if it is displaced. That function might possibly be performed if the shape of the bolt, the strength of the spring which acts on the bolt, and the resistance to the movement of the locking member were properly proportioned. On the other hand, those factors might easily be so proportioned that the bolt would be incapable of moving the locking member. The patentee Birkigt does not describe any movement of the locking member by the bolt but, on the contrary, describes the bolt as the "element for keeping the locking pin * * * in position." That language seems to negative the idea that the bolt ever moves the locking member.

The most that can properly be said of the Birkigt patent, so far as the issues here are concerned, is that it discloses a structure in which the parts *might* be so proportioned that the bolt would restore the locking device to its normal position. In the absence of any suggestion that such proportioning is desirable, the Birkigt disclosure is not a pertinent reference for

 

claims calling for a structure in which the locking device is restored by the bolt. Accordingly, the proposed combination of the disclosures in the Varaud and Birkigt patents does not, in our opinion, form a proper basis for the rejection of claims 1, 2, 4, 5, 6, 8, and 10.

For the reasons stated, we are of opinion that the claims which are before us on their merits (Nos. 1, 2, 4, 5, 6, 8, and 10, of which Nos. 1, 4, 5, 8, and 10 are generic claims) are patentable over the references of record. Accordingly, the rejection of claims 3 and 7 on the ground that they are drawn to a non-elected species cannot be sustained.

The decision of the Board of Appeals is reversed.

Reversed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.